**STATE of Tennessee, Appellee,**

v.

**Charles Floyd KIRK, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 21, 1993.

Steven E. Marshall, Sevierville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, Alfred G. Schmutzer, Jr., Dist. Atty. Gen. and G. Scott Green, Asst. Dist. Atty. Gen., Sevierville, for appellee.

## OPINION

WHITE, Judge.

This is an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure to determine whether the prosecutor abused his discretion in denying pretrial diversion. The trial court affirmed the denial. For the reasons set forth, the judgment is reversed and the case remanded to the trial court for further proceedings.

The appellant, Charles Floyd Kirk, was charged with four alternate counts of aggravated assault and one count of carrying a weapon with intent to go armed. The victim, Shawn Lawless, was a sixteen year old friend of appellant's fourteen year old daughter. On December 17, 1990, appellant located the victim, his daughter, and another young man in a motel room in Pigeon Forge, Tennessee.[1] When the victim, who had kept appellant's daughter out all night the previous Saturday, answered the door, appellant drew his gun, pointed it at the victim, slapped his daughter, forced her, the maintenance man, and the other young man from the room, and struck the victim. Appellant told the victim he should blow his head off. He forced the victim to disrobe. When police arrived at the room a few moments later they recovered the appellant's small caliber handgun and found it to have one round in the chamber. The victim had no medical treatment but was examined two days later and found to have bruises and a small laceration inside his mouth.

Appellant applied for pretrial diversion. In addition to his letter of application, he filed reference letters. A specific data report was prepared and verified appellant's previously unblemished criminal record. The state responded by letter denying diversion. The court conducted a hearing at which counsel argued but presented no testimony. Following the hearing, the court entered an order finding that the prosecutor had not abused his discretion. This court granted an interlocutory appeal.

■ Tennessee Code Annotated Section 40–15–105 creates a statutory vehicle for diverting certain cases from the court system. While that statute establishes minimal eligibility requirements for diversion, the prosecutor is charged with the responsibility of determining whether to grant diversion. The prosecutor's discretion "must be exercised so as to serve the interests of justice." *Pace v. State*, 566 S.W.2d 861, 864 (Tenn. 1978). In an effort to assist the prosecutor in exercising this demanding responsibility, the Supreme Court has offered this guidance:

> [A] prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered.... Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

*State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn.1983). In determining whether diversion will serve the ends of justice, deterrence is also an appropriate consideration. It must be viewed "in the context of each case ... assigning it such weight, credit and value as the circumstances warrant." *Id.* at 354 (quoting *State v. Michael*, 629 S.W.2d 13, 15 (Tenn.1982)).

1. When appellant's daughter did not return home from school, appellant called the victim's parents and learned that the young people had traveled to Pigeon Forge and were staying at a motel. The victim's parents did not know which motel. Appellant searched every motel in Pigeon Forge before locating his daughter and the two males. He convinced a maintenance man to take him to the room by stating that his daughter had been kidnapped.

The prosecutor is not at liberty to focus exclusively on some of the factors while ignoring others but "must consider evidence which tends to show that the applicant is amenable to correction and is not likely to commit further criminal acts." *State v. Markham,* 755 S.W.2d 850, 853 (Tenn.Crim. App.1988). If the decision to deny diversion is not based on consideration of all the relevant factors, the state must articulate why the factors considered outweigh the others. *State v. Herron,* 767 S.W.2d 151, 156 (Tenn. 1989).

The decision by a prosecutor to deny diversion is reviewable by writ of certiorari. Tenn.Code Ann. § 40–15–105(b)(3) (1990 Supp.). *See id.* §§ 27–8–101 & –102 (1992 Supp.).[2] Generally that review is limited to examining the record to determine whether material evidence supports the decision. *See e.g. City of Chattanooga v. Tennessee Alcoholic Beverage Comm'n,* 525 S.W.2d 470 (Tenn.1975); *Boyce v. Williams,* 215 Tenn. 704, 389 S.W.2d 272 (1965); *City of Memphis v. Sherwood Building Corp.,* 208 Tenn. 17, 343 S.W.2d 869 (1961). Thus the trial judge must consider only the evidence considered by the prosecutor. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Crim.App.1980). In reviewing the trial court's decision we must determine whether substantial evidence supports the refusal to divert the appellant. *State v. Hammersley,* 650 S.W.2d 352, 356 (Tenn.1983).

The record in this case consists of the appellant's application for diversion accompanied with character letters, the prosecutor's letter denying the application, and the proffers and arguments of counsel at the hearing. The prosecutor's letter listed eleven reasons for denying appellant's request for pretrial diversion. Of those eleven reasons, eight pertain to the nature of the offense, two to deterrence, and one to appellant's attitude toward the crime. Many of the reasons are stated conclusively with no detailed supporting facts or circumstances. We have previously advised prosecutors that the failure to justify a conclusion offered as a reason for denying diversion may cause the offered reason to be discounted.

In addition to containing unjustified conclusions, the prosecutor's letter does not reflect consideration of all the factors relevant to a diversion determination. The record must reflect that the prosecutor considered all relevant factors (i.e., the applicant's prior record; criminal, social, family, and employment history; present mental and physical condition; amenability to treatment; and whether diversion would serve the needs of the applicant and society), in determining whether to grant diversion. While we have upheld a denial of diversion based on consideration of less than all the relevant factors, those factors considered must outweigh all others before the denial will be sustained. *State v. Markham,* 755 S.W.2d 850, 852–53 (Tenn.Crim.App.1988). Thus, in this case, if the record established that all relevant factors were considered and, as the state argues, that:

(1) appellant possessed a loaded weapon

(2) and, with no hesitation about committing crimes involving risks to human life

(3) planned to drive across state lines in order to inflict bodily injury

(4) on more than one particularly vulnerable victim

(5) under circumstances where the potential for death and bodily injury was great

(6) and treated the victims with exceptional cruelty

(7) willfully inflicting bodily injury

(8) and after doing so cast the blame on the victim,

(9) showed no remorse,

(10) and acted in ways to suggest that he would not be sufficiently deterred without the effects of a public trial,

substantial evidence to support the denial would exist. The record before us, and before the trial court, however, is deficient on most of the particular circumstances of the

---

**2.** The diversion statute is not specific about the precise nature of the review under this statutory certiorari.

offenses relied on by the state and further fails to reflect that the state considered all relevant factors.

The record does not support the prosecutor's bald conclusions that (1) appellant drove across the state lines; (2) planned the crime; (3) intended to inflict bodily injury; (4) on particularly vulnerable victims; (5) cast the blame on the victim; (6) showed no remorse; (7) refused to accept responsibility for his actions; and (8) required specific deterrence. Rather, the appellant's acts are much more indicative of an impulsive, protective reaction, albeit an ignorant one. Undoubtedly appellant should have reacted differently but the circumstances suggest that he was motivated more by father fear than by assailant anger. His childish conduct is in no way excused or justified but is, at least at some level, understandable.

We are mindful that appellant possessed a loaded weapon during the affray. This circumstance severely aggravates the offenses because it heightens the potential that his impulsive reaction would have dire, tragic results. We cannot, however, on this record conclude that the circumstances of the offense including the possession of a loaded weapon outweighed all the other relevant factors. To do so in light of the very positive nature of the other circumstances in this case would, in effect, render the diversion privilege inapplicable to all crimes involving weapons. Such an exclusion is a legislative prerogative that has not been exercised.

Further, the record does not support the prosecutor's conclusions about the need for deterrence in this case. Appellant's social, family, and employment history defy the prosecutor's unsupported conclusion that he "needs to be specifically deterred." While the state claims that his "actions before and after these events necessitate the deterrent effects of a public trial," we have, and the trial court had, no proof of these actions. On this record, appellant, who has a stellar reputation in his community (such that it prompted a prosecutor, minister, legislator, and business person to write in his behalf) and a history of commitment to others, especially to youth, appears to be an excellent candidate for rehabilitation. Further, given the

impact that this case must have had on appellant's family relationship, we cannot assume, as the state does, that appellant is in need of further deterrence to curb his future behavior.

Deterrence, both specific and general, are admirable goals of a prosecutor's office in determining how to exercise its vast discretion. Before applicable, however, there must be a showing of need. Resources are wasted, and goals sometimes frustrated, if we undertake to deter when no need to deter is present. In this case, the appellant's crime is not a common one frequently repeated by lawless members of society. It is actually unique, brought about by unusual and unfortunate circumstances. Without some proof, we cannot accept the state's bald conclusion that the need for general deterrence is "great." Thus we find nothing in this record to support that denial was necessary for deterrence purposes.

As its last reason for denying diversion, the state alludes to blame-shifting by the appellant which it says demonstrates a lack of remorse. We are without any information about these allegations. We know only what is in the record and the record contains no proof of appellant's response to these charges. What we know of his character and history suggests that appellant is extremely unlikely to reoffend.

The only aspect of appellant's personal history that is included in the state's response is his lack of prior criminal record. The response does not indicate that the state analyzed appellant's stable marital and family history, his employment record, his status in the community, his educational background, and his general reputation for being a responsible, contributing member of society. Absent any evidence of consideration of those factors, we must assume that the denial was based on less than all the appropriate factors. The prosecutor is obliged to explain why the considered factors outweigh those not considered. *State v. Herron,* 767 S.W.2d 151, 155 (Tenn.1989). No explanation is offered and we conclude that none exists.

On appeal, we must determine whether the trial court erred in affirming the

744

prosecutor's decision to deny diversion. Instrumental to our review is the trial judge's findings of fact or order "assigning due significance to all relevant factors." *Id.* at 156. The trial judge's order in this case contains only one factual finding—that the prosecution listed a number of specific factors for the denial. The judge made no findings pertaining to the existence of the particular factors enumerated by the prosecutor but did conclude generally that the prosecutor had not abused his discretion. While we give due deference to the factual findings of trial judges, we are not bound by conclusions of law. On this record it is clear that the prosecutor either failed to consider all the factors set out in *Hammersley, Herron,* and *Markham,* or failed to explain why the two factors considered outweighed all others. The record does not establish the need for general and specific deterrence relied on by the prosecutor. Further, the record does not establish that the circumstances of the offense outweigh all other relevant factors. Consequently, there is an absence of substantial evidence to support the denial of diversion. We reverse the judgment of the trial court and remand with directions that the appellant be placed on pretrial diversion subject to appropriate conditions which we suggest should include relevant counseling.

SCOTT, P.J., and TIPTON, J., concur.