# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1996

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9507-CC-00194 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HARDIN COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED MCGINLEY |
| SHONDA KAY MCGILL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Pre-Trial Diversion) |

FOR THE APPELLANT:

W. Jay Reynolds
Reynolds & Reynolds
611 Court Street
Savannah, TN  38372

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter

William David Bridgers
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Robert Radford
District Attorney General

John Overton
Assistant District Attorney
Hardin County Courthouse
Savannah, TN  38372

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

This is an interlocutory appeal pursuant to Rule 9, Tennessee Rules of Appellate Procedure, from the judgment of the Circuit Court of Hardin County affirming the District Attorney's refusal to grant pretrial diversion. On appeal, Appellant claims that the District Attorney abused his discretion by failing to consider all of the factors he is required by law to consider. For the reasons set forth, the judgment of the trial court is affirmed.

On March 20, 1995, Appellant Shonda Kay McGill was indicted for three counts of aggravated burglary. Appellant applied for pretrial diversion. By letter dated May 9, 1995, the District Attorney denied the application, writing as follows:

I am compelled to deny your client diversion on the following grounds:
1. The fact that there are three distinct home burglaries committed over a three week period indicates a continuing intention to violate the law and not just a casual flirtation with an illegal act.
2. Your client has a sporadic work record that would indicate instability in functioning as a contributing member of society.
3. It is certainly clear from my vantage point that the crime of aggravated burglary is a prevalent one and one that is steadily increasing in number in this county. I have, therefore, considered deterrence, both of the defendant and others, as a factor.
4. I have also taken into consideration the views of the victims as expressed in the presentence report.
After considering all factors set out by law, I do not feel this is an appropriate case for the extraordinary relief of diversion.

Upon the District Attorney's denial, Appellant petitioned the Circuit Court of Hardin County for a writ of certiorari, alleging that the District Attorney abused his discretion in denying her application. The Circuit Court of Hardin County affirmed the District Attorney's denial.

Tennessee Code Annotated Section 40-15-105 creates a procedure for diverting deserving individuals charged with certain crimes out of the criminal trial process. The decision to grant this pretrial diversion rests in the discretion of the District Attorney. Tenn. Code Ann. § 40-15-105(b)(3) (Supp. 1996). In exercising that discretion, the Tennessee Supreme Court has offered this guidance:

[A] prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered.... Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). However, "the focus on amenability to correction is not an exclusive one...." State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). Deterrence of the defendant and others is also a proper factor to consider. Hammersley, 650 S.W.2d at 354. In fact, the circumstances of the crime and the need for deterrence may outweigh other applicable factors and justify the denial of pretrial diversion. See e.g. State v. Helms, 720 S.W.2d 474 (Tenn. Crim. App. 1986); State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983).

In deciding whether to grant diversion, the District Attorney must consider all the relevant factors and cannot ignore any relevant factors. See State v. Herron, 767 S.W.2d 151, 155 (Tenn. 1989); State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988). When denying an application for pretrial diversion, the District Attorney must clearly articulate the specific reasons for denial in the record in order to provide for meaningful appellate review. Hammersley, 650 S.W.2d at 355. The record must reflect consideration of all the relevant factors.

State v. Kirk, 868 S.W.2d 739, 742-43 (Tenn. Crim. App. 1993). As the Tennessee Supreme Court said in Herron:

This requirement (that the District Attorney consider all relevant factors) entails more than an abstract statement in the record that the district attorney general has considered these factors. He must articulate why he believes a defendant in a particular case does not meet the test. If the attorney general bases his decision on less than the full complement of factors enumerated in this opinion he must, for the record, state why he considers that those he relies on outweigh the other submitted for his consideration. (emphasis added)

767 S.W.2d at 156. In Carr this Court said in dicta that failure of the record to reflect that the District Attorney considered all of the applicable factors would allow a reviewing court to find an abuse of discretion. 861 S.W.2d at 858.

When reviewing a District Attorney's decision to deny pretrial diversion, the trial court must uphold the District Attorney's decision unless there has been an abuse of discretion. Pace v. State, 566 S.W.2d 861 (Tenn. 1978). In other words, the decision "of the prosecutor is presumptively correct and it should only be set aside on the basis of patent or gross abuse of prosecutorial discretion." Id. at 870 (concurring op., J. Henry). The trial court may find an abuse of discretion only if there is an absence of any substantial evidence to support the decision of the District Attorney. Hammersley, 650 S.W.2d at 356. As this Court pointed out in State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985), under the abuse of discretion standard, a trial judge is not allowed to determine whether he thinks a defendant should be granted diversion, but is restricted to determining whether the District Attorney abused his discretion. Therefore, in a close case, where the District Attorney could have legitimately granted or denied the application, the trial judge must defer to the judgment of the District Attorney. Carr, 861 S.W.2d at 856.

On appellate review of the judgment of the trial court in diversion cases the trial court's findings of fact are binding on an appellate court unless the evidence preponderates against those findings. Helms, 720 S.W.2d at 476. However, in cases where there is no factual dispute, an appellate court is left to determine whether the trial court properly concluded that the District Attorney did or did not abuse his discretion. Since the appellate court is reviewing a conclusion of law made by the trial court and such findings are not binding on an appellate court, the review by an appellate court where there are no contested findings of fact is de novo. Carr, 861 S.W.2d at 856; Helms, 720 S.W.2d at 476. The District Attorney's decision must stand unless there is a lack of any substantial evidence to support it. Hammersley, 650 S.W.2d at 356.

In the case at bar, there is no dispute over the trial court's findings of fact. Thus, we focus our review on whether, as a matter of law, the District Attorney abused his discretion. Carr, 861 S.W.2d at 856. As a preliminary matter, we recognize that the District Attorney did not document consideration of all the applicable factors in his letter of denial. The District Attorney failed to mention Appellant's lack of criminal record and positive social history. In addition, the District Attorney failed to state why the factors on which he chose to rely outweighed the other factors he was required to consider. Therefore, the District Attorney's letter is deficient. The issue then becomes whether a District Attorney's deficient letter mandates a finding that the District Attorney abused his discretion.

As stated previously, it is important for the District Attorney to memorialize his consideration of the applicable factors in his denial letter. See e.g., Herron,

767 S.W.2d at 156; Markham, 755 S.W.2d at 853; Kirk, 868 S.W.2d at 742-43; Carr, 861 S.W.2d at 858. The letter found as an appendix in Carr is an excellent example of how such letters should be written. Carr, 861 S.W.2d at 859. In the Carr letter, the District Attorney stated the reasons for denial, the factors which reflected positively on the applicant and why the positive factors were outweighed.

Although the District Attorney's letter is important, deficiencies in such letters do not always mandate a finding of abuse of discretion. While the letter in this case could have been more comprehensive, it does reflect a deliberate, reasoned judgment. The District Attorney's letter was not so deficient that in and of itself it constitutes an abuse of discretion.

In addition, there is substantial evidence to support the District Attorney's denial of diversion. The first reason the District Attorney gave for denying Appellant's application was that the circumstances of the offense reflect more than a casual flirtation with illegal activity. Appellant was charged with three counts of aggravated burglary for burglaries which stretched over a three week period. Although two of the burglaries were committed in one night, Appellant chose to participate in another burglary two weeks later. We conclude that Appellant's actions indicated a sustained intent to violate the law and not simply a one time, impetuous illegal act.

The District Attorney also gave Appellant's sporadic work record as a reason for denying her application for pretrial diversion. Between 1993 and 1994, Appellant had three different jobs. Nevertheless, Appellant is nineteen years old,

and one would not necessarily expect a lengthy established career history. While social history is an appropriate consideration, application of this factor in support of the denial of pretrial diversion is not supported by this record. See Hammersley, 650 S.W.2d at 355. However, improper application of one factor does not prevent us from finding that there is substantial evidence to support the District Attorney's denial. Carr, 861 S.W.2d at 857.

The District Attorney also relies on the deterrence of Appellant and others in denying Appellant's application. Deterrence of the defendant and others is a proper consideration in pretrial diversion cases. Hammersley, 650 S.W.2d at 355. As we observed in Holland, "No one is in a better position to be informed of criminal activity in a circuit than the District Attorney General." 661 S.W.2d at 93. The need to deter Appellant and others from committing aggravated burglaries supports the District Attorney's denial of Appellant's application for pretrial diversion.

Finally, the District Attorney cited the views of the victims as a reason for denying Appellant's application. While the views of victims do not constitute a separate factor which the District Attorney must consider, they do relate to the nature and circumstances of the offense. The victims expressed great sorrow at the irreplaceable loss of valuables such as a son's savings and a camera containing film with Christmas photos. One victim was financially harmed as her insurance would not cover the economic loss she sustained. The victims were so scared by the burglaries that one had trouble sleeping at night and another slept with a gun by her head. Again we find that the circumstances of the offense support the District Attorney's denial.

We note that Appellant has no prior criminal record and seems to have a favorable social history. Nevertheless, the circumstances of the crime and the need for deterrence support the District Attorney's denial and outweigh these factors which weigh in favor of approval of pretrial diversion.

Although one of the factors offered by the District Attorney is not supported by the record, we find that the District Attorney's denial is supported by substantial evidence of other relevant considerations and that the District Attorney did not abuse his discretion. We therefore affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID H. WELLES, JUDGE