# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1999 SESSION

FILED

July 23, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9810-CR-00413 |
| Appellee, | ) | |
| | ) | PUTNAM COUNTY |
| VS. | ) | |
| | ) | HON. LEON BURNS, JR., |
| | ) | JUDGE |
| JACK R. ROBERTS, | ) | |
| | ) | |
| Appellant. | ) | (Pretrial Diversion) |

**FOR THE APPELLANT:**

**DONALD G. DICKERSON**
310-D East Broad Street
Cookeville, TN  38501-3304

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**KIM R. HELPER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM EDWARD GIBSON**
District Attorney General

**BENJAMIN W. FANN**
Assistant District Attorney General
145 S. Jefferson Avenue
Cookeville, TN 38501-3424

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

The defendant, Jack R. Roberts, pursuant to a Tenn. R. App. P. 9 interlocutory appeal, challenges the denial of pretrial diversion by the District Attorney General and subsequent denial of relief by the trial court. Defendant was indicted for the Class C felony of aggravated assault and contends the prosecutor abused his discretion in denying pretrial diversion. After our review of the record, we **AFFIRM** the judgment of the trial court.

## BACKGROUND

Defendant was indicted for the offense of aggravated assault as a result of his altercation with John Francisco at a local bar. As a result of the altercation, Francisco suffered a broken jaw and broken ribs and incurred expenses in excess of $17,000. Defendant was uninjured.

Defendant submitted a pretrial diversion application to the prosecutor. The prosecutor also considered an Investigation Report prepared by the Department of Correction. These documents indicated that the defendant was 42 years old, had recently re-married, had two adult children by a previous marriage, had no prior criminal record and had a stable employment history. His application indicated that he was a high school graduate.[1] Also attached to the application were statements from six individuals vouching for defendant's character. The Investigation Report indicated that the defendant enlisted in the Air Force in 1975, but was not allowed to enter boot camp since he failed the initial drug test. The report further indicated that defendant stated that "[s]omebody slipped something into my beer."

---

[1]The Investigation Report indicates that the defendant dropped out of high school after the 11th grade. This discrepancy was not considered by the prosecutor and will be deemed immaterial for purposes of this appeal.

Defendant's version of the offense in his application indicated that the victim had been "baiting me into a confrontation" for some period of time prior to the incident. Defendant indicated that he thought the victim was about to hit him, and he reacted in self-defense.

The defendant's version of the offense in the Investigation Report added other information. Defendant admitted that he referred to the victim as a "midget."[2] The victim asked the defendant if he called him a "midget," and the defendant agreed that he did. The defendant stated the victim came up to him in a threatening way so defendant knocked him to floor, got on top of him and hit him a couple more times. Defendant further stated that he was "thinking to myself this man is known to carry a gun strapped to his ankle;" therefore, he kicked him a couple of times in the chest.

The Assistant District Attorney General denied the request for diversion by letter dated October 30, 1997. The letter indicated that the prosecutor had considered the application, the attached character witness letters and the Investigation Report prepared by the Department of Correction. Based upon the information provided, the prosecutor concluded that the defendant should not be granted diversion. In doing so the prosecutor noted the following negative factors:

1. Defendant had exhibited no remorse.

2. Defendant had taken no responsibility for the offense and had blamed others.

3. Defendant was unable to get into the military due to a positive drug test, yet blamed another for this occurrence.

4. There were "far too many incidents of this type," and pretrial diversion would provide no deterrence.

5. This was a violent, unprovoked attack upon a victim much smaller than the defendant.

---

[2]The application for pretrial diversion indicated the defendant was 5'11" and weighed 205 pounds. The prosecutor at the *certiorari* hearing stated the victim was "probably about" 5'6" and weighed 130 pounds.

3

6.  The incident was instigated by the defendant calling the victim a "midget."

7.  The victim was attempting to leave the establishment when attacked by the defendant.

8.  Defendant administered a severe beating to the victim, including kicking the victim while the victim lay helpless.

9.  The severe beating led to a week's hospitalization and medical bills and lost wages totalling over $17,000.

10. Defendant's statement in his application made no reference to a belief that the victim carried a gun, whereas the statement in the Investigation Report indicated to the contrary.

Defendant filed his petition for *writ of certiorari* to the trial court on November 21, 1997. Several months later on March 13, 1998, he filed a motion with the trial court to be allowed to amend his application for pretrial diversion to include three affidavits executed on March 9, 1998. The affidavits indicated that the victim was known to carry a pistol.

At the *certiorari* hearing on March 24, 1998, the prosecutor indicated that he had not considered the recent affidavits, that they were not presented to him at the time of his original denial, and that the petition for *writ of certiorari* made no mention of this issue. The trial court indicated the affidavits "may be filed, and if they are considered by the state, and they can be. If they're not, they're part of the record." The trial court entered a written order on June 23, 1998, indicating the affidavits "were in response to the denial, the affidavits were timely presented and should be considered as part of the pre-trial diversion application...."

In spite of the controversy concerning the three affidavits, the trial court carefully considered the various factors outlined by the prosecutor in the denial of diversion and concluded there was no abuse of discretion in the denial. Accordingly, the petition was denied.

**STANDARD OF REVIEW**

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. *See* Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); *see also* State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). In making the determination, the district attorney general must consider

> the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered . . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); *see also* State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the appellant establishes an abuse of discretion. State v. Curry, 988 S.W.2d 153, 158 (Tenn. 1999); Houston, 900 S.W.2d at 714. The record must be lacking in any substantial evidence to support the district attorney general's decision before an abuse of discretion can be found. Pinkham, 955 S.W.2d at 960; Carr, 861 S.W.2d at 856. The hearing court must consider only the evidence made available to and considered by the

prosecutor. Curry, 988 S.W.2d at 157. The trial court may not substitute its judgment for that of the district attorney general when the decision of the district attorney general is supported by the evidence. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

Our review focuses on whether the trial court's decision is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158. The underlying issue for determination on appeal is whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

## DETERRENCE

Defendant contends the prosecutor improperly relied upon general deterrence. Although general deterrence is a proper consideration in pretrial diversion cases, see Hammersley, 650 S.W.2d at 354, the record should support the need for general deterrence. State v. Kirk, 868 S.W.2d 739, 743 (Tenn. Crim. App. 1993). Although the prosecutor stated there were "far too many incidents of this type," it is unclear whether he meant aggravated assaults generally or aggravated assaults in local bars. Although the District Attorney General is certainly in a position to be informed about criminal activity in the district, see State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983), the record before this Court is insufficient to justify reliance upon general deterrence.

## FAILURE TO INTERVIEW DEFENDANT AND CHARACTER WITNESSES

Defendant contends the prosecutor unjustifiably refused to interview the defendant and his character witnesses in spite of defense counsel's request to do so. We have been cited no authority, nor are we aware of any authority, which requires the prosecutor to conduct an interview of the defendant and/or other

6

character witnesses suggested by defense counsel. The prosecutor did not abuse his discretion in failing to do so.

## RECENT AFFIDAVITS

Defendant argues the prosecutor abused his discretion in refusing to consider the affidavits filed with the trial court several days prior to the *certiorari* hearing. In a *certiorari* hearing the trial court should consider only the evidence considered by the prosecutor. Curry, 988 S.W.2d at 157; State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993). Defendant contends the instant case is distinguishable since this information was submitted to the prosecutor prior to the hearing. The reason for its submission was the prosecutor's statements in his denial letter relating to the victim's alleged reputation for carrying a gun.

Regardless, it is apparent the prosecutor would have denied diversion in spite of these three affidavits. The affidavits are arguably relevant to the defendant's state of mind at the time of the incident and would relate to self-defense. It is further apparent this factual issue would not be resolved to the prosecutor's satisfaction by the three affidavits. Further, this disputed factual issue relating to self-defense would not be resolved by the trial court in a *certiorari* hearing. Thus, the failure of the prosecutor to consider these affidavits does not merit relief.

## CONCLUSION

Although we have concluded the prosecutor improperly relied upon general deterrence, this does not foreclose a determination that substantial evidence still remains to support the denial. Carr, 861 S.W.2d at 857. The prosecutor considered the favorable information contained in the application for pretrial diversion and the Investigation Report; however, the prosecutor found other factors

7

outweighed this favorable information. In addition to other factors, the prosecutor relied primarily upon the nature and circumstances of the offense. From the prosecutor's perspective, the offense was violent, instigated by the defendant and involved a victim much smaller than the defendant. Most significantly, the beating was severe and included kicking the victim while he lay on the floor helpless. The beating resulted in serious injuries, hospitalization for a week, and expenses in excess of $17,000.

The only issue is whether the prosecutor abused his discretion in denying pretrial diversion. Neither the trial court nor this Court may substitute its judgment for that of the prosecutor if his decision is supported by the evidence. We conclude there was no abuse of discretion by the prosecutor in the denial of pretrial diversion.

The judgment of the trial court is **AFFIRMED**.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**ALAN E. GLENN, JUDGE**

8