IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 8, 2000 Session

## STATE OF TENNESSEE v. JEFFERY SCOTT SHANDS

**Appeal from the Circuit Court for Madison County**
**No. 98-891     Franklin Murchison, Judge**

_____

**No. W2000-00006-CCA-R9-CD  - Filed February 26, 2001**

_____

The defendant, Jeffery S. Shands, challenges the trial court's order upholding the District Attorney General's denial of pretrial diversion for the charges of criminally negligent homicide and reckless driving.  He contends that the District Attorney abused his discretion in failing to consider and weigh all of the relevant factors presented in the evidence.  After a review of the record and the applicable law, we affirm the trial court's order denying pretrial diversion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Joe H. Byrd, Jr., Jackson, Tennessee, for the appellant, Jeffery Scott Shands.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; James (Jerry) Woodall, District Attorney General; Christopher Shultz, Assistant District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Madison County Grand Jury indicted Defendant for criminally negligent homicide (Class E felony) and reckless driving (Class A misdemeanor).  Defendant sought to divert these offenses through his application for pretrial diversion, pursuant to Tenn. Code Ann. §40-15-105. The District Attorney General subsequently declined to grant pretrial diversion.  The Defendant filed a petition for writ of certiorari.  The trial court denied the petition.  Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, Defendant appeals from the trial court's decision affirming the District Attorney General's denial of the application for pretrial diversion. The Defendant insists that the trial court improperly held that the District Attorney General did not abuse his discretion in denying Defendant's application for pretrial diversion.  We affirm the decision of the trial court.

# I. Background

At the time of the offense charged here, Defendant was a twenty-two year old theology student at Union University, employed as a Youth Ministry Intern at Colonial Baptist Church and aspiring to be a youth minister. On September 7, 1998, Defendant's motor vehicle struck and killed seven-year-old Brittany Thurston, who ran from behind a parked vehicle into the path of Defendant's vehicle. Defendant initially received a citation for speeding--48 m.p.h. in a 30 m.p.h. zone. He was later indicted as set forth above.

According to the pretrial investigative report and the transcript from Defendant's hearing, Defendant had no physical or mental health problems, no signs of alcohol or drug use and was not married. The Defendant was an active member of his church and other charitable and community organizations. Twenty-five letters included with his application attested to his good character and extensive church and community involvement. Also, Defendant had no prior arrests or convictions, except for speeding tickets, one in November 1997 and the other in May 1996.

The record further reflects that Defendant cooperated with authorities while at the scene of the incident which resulted in the criminal charges. Defendant also offered to pay restitution to the victim's family through his automobile liability insurance. Further, the record from the hearing of Defendant's petition indicates that defense counsel advised his client not to provide a personal statement concerning the circumstances surrounding his prior speeding tickets or the present offense to the Department of Correction officer conducting the pretrial investigative report. Defense counsel felt that the letters from friends and family would show that "there's no question that this man [Defendant] is as remorseful as a person could be as a result of the tragic events that occurred that are the basis of this prosecution."

In denying the application for pretrial diversion, the District Attorney General, in a written response, gave the following reasons:

> We have considered your application for Diversion. . . .and after carefully weighing the evidence. . . .with the letters submitted by you from friends and relatives and the pretrial investigation report, I have decided that granting diversion would not serve the needs of the community nor the ends of justice for the following reasons:
>
> It appears from the letters. . . . that Mr. Shands is a very likeable young man of good moral and social conduct. It is further apparent that Mr. Shands lacks any significant criminal history other than some speeding violations in November of 1997 and May of 1996. Mr. Shands [sic] attendance at Union University again is in his favor; along with his employment record. However, I have concluded that no great weight should be given to these factors as they are expected of every individual espousing good citizenship.

I take note there is no remorse from your client although he has had several opportunities to state his remorse.

I also note Mr. Shands [sic] prior violations are for speeding at rates that are substantially greater than the posted limits. It is my opinion that although these infractions in and of themselves are minor they are strong proof Mr. Shands has had opportunities to learn of the serious consequences of driving irresponsibly. . . . It is this attitude and failure to learn and conform his actions through less restrictive punishments that cause me to believe that had Mr. Shands learned these prior lessons about responsible driving that the precious lie [sic] of a seven-year-old girl would have [sic] spared. I placed great weight on the serious nature and consequences of the crime for which Mr. Shands has been indicted. Indeed the taking of human life especially a life of child must be given great weight.

. . . I feel that the gravity of the offense, the need to deters [sic] irresponsible driving in Jackson and Madison County which in the last few years has resulted in numerous deaths . . . that lives are at risk when a person chooses to ignore or neglects safe driving principles, compels my decision that the needs of the community and that the ends of justice require that Mr. Shands be prosecuted and that the more restrictive measures of our judicial system are necessary to impress upon Mr. Shands the compelling need of responsible driving and the dire consequences of neglecting the public safety.

Defendant sought review of the District Attorney General's decision by filing a Petition for Writ of Certiorari in the trial court. After hearing argument of counsel, the trial court ruled:

That the aforementioned Petition should be denied, due to the fact that the District Attorney General gave due consideration to all things submitted before deciding that diversion was not appropriate. Therefore, after a thorough review of statutory and case law and consideration of all things submitted the Court does not find that the District Attorney General abused his discretion in denying diversion. . . .

The trial court subsequently granted Defendant's Motion for Interlocutory Appeal. We granted the Defendant's application for permission to appeal to review whether the trial court erred in finding that the District Attorney General had not abused his discretion in denying Defendant pretrial diversion.

## II. Denial of Diversion

The decision to grant or deny an application for pretrial diversion is within the discretion of the prosecuting attorney. Tenn. Code Ann. § 40-15-105; State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). In making this determination, the prosecutor should

> focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Curry, 988 S.W.2d at 157 (quoting State v. Pinkham, 955 S.W.2d 956, 959-60 (Tenn. 1997) and State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). The prosecutor's response must be in writing, must list the evidence considered, and must point out any factual discrepancies between the evidence upon which the prosecutor relied and what was presented in the defendant's application. Curry, 988 S.W.2d at 157. The response must discuss the factors considered by the prosecutor and the weight given to each factor. Id. "That a defendant, obviously, bears the burden of demonstrating suitability for diversion does not relieve the prosecutor's obligation to examine all of the relevant factors and to set forth the required findings." Id.

The decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent an abuse of discretion. Id. at 158; Hammersley, 650 S.W.2d at 356. In reviewing the prosecutor's denial of pretrial diversion, the trial court may consider only that evidence considered by the prosecutor. Curry, 988 S.W.2d at 158. In order to find an abuse of discretion, the trial court must find that the record lacks substantial evidence supporting the prosecutor's determination. Id.

This court has stated that on appeal, the trial court's factual determinations will be overturned only if the evidence preponderates against them. State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993); State v. Helms, 720 S.W.2d 474, 476 (Tenn. Crim. App. 1986). In Curry, our supreme court applied the preponderance of the evidence standard for review of the trial court's decision regarding the prosecutor's abuse of discretion, rather than limiting this standard to the trial court's factual findings. Curry, 988 S.W.2d at 158 (citing Pinkham, 955 S.W.2d at 960). Thus, the trial court's determination that the prosecutor has or has not abused his or her discretion is a legal conclusion, not binding upon the appellate court. Carr, 861 S.W.2d at 856. When the facts are undisputed, the underlying issue that this Court must determine on appeal remains whether, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. Carr, 861 S.W.2d at 856; State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997); State v. Morgan, 934 S.W.2d 77, 82 (Tenn. Crim. App. 1996); see State v. Houston, 900 S.W.2d 712, 714 (Tenn.

Crim. App. 1995) (limiting the appellate court's role to determining whether any substantial evidence supports the prosecutor's denial of pretrial diversion in light of the relevant factors); State v. Helms, 720 S.W.2d 474, 476 (Tenn. Crim. App. 1986) (reversing the trial court's finding of abuse of discretion because the facts were undisputed and substantial evidence in the record supported the prosecutor's denial of pretrial diversion).

Here, Defendant contends that the District Attorney abused his discretion in denying the application for pretrial diversion because the District Attorney failed to consider all of the relevant factors. The Defendant argues that the reasons provided in the denial letter mainly relate to the seriousness of the offense and the need for deterrence. Specifically, he asserts that the District Attorney did not give proper weight to his lack of a prior criminal record, his community and church involvement, or his physical and mental condition before and after the offense. The State contends that the District Attorney did consider and weigh all of the relevant factors, but that he merely came to a different conclusion than the Defendant regarding their weight. We will analyze each factor discussed in Curry separately.

**A. Defendant's Criminal Record**

The Defendant challenges the District Attorney's denial of diversion based upon a need for individual or specific deterrence. Individual deterrence is a relevant consideration, Hammersley, 650 S.W.2d at 354, which must be supported by the record. State v. Kirk, 868 S.W.2d 739, 743 (Tenn. Crim. App. 1993). Additionally, the prosecutor may properly consider evidence of criminal behavior to deny diversion. See State v. Beverly, 894 S.W.2d 292, 293 (Tenn. Crim. App. 1994). The Defendant argues that since he has no prior criminal record, absent two speeding tickets, and there is nothing else in his record indicating a pattern of reckless or criminal behavior, then specific deterrence is not needed. However, at Defendant's hearing, the State argued that the Defendant had failed to make the District Attorney aware of the circumstances surrounding the two speeding tickets. Therefore, the District Attorney could only assume that the payment of fines and court costs were not sufficient to deter Defendant's speeding and reckless driving. Given the nature of this incident, we find that the two speeding tickets combined with the prosecutor's concern for the rising number of death's in Madison County resulting from "irresponsible" driving, constituted the substantial evidence needed to support the prosecutor's denial of pretrial diversion.

Further, the defendant bears the burden of providing the prosecutor "with sufficient background information and data to enable that officer to make a reasoned decision to grant or deny the relief sought." State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The applicant should provide the prosecutor with evidence relating to the relevant factors and may include affidavits and character letters. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. 1993). The parties may supplement this information with a pretrial investigative report, but this report does not detract from the defendant's responsibility to show that he is a suitable candidate for diversion. Herron, 767 S.W.2d at 156. In filing the petition for a writ of certiorari, the defendant should include the record as it stands at that point, including the completed application for pretrial diversion. Winsett, 882 S.W.2d at 810. The record before us does not contain the application for diversion. The record does contain

letters from defense counsel, in which counsel asked the District Attorney whether he needed additional information to help him make a decision. It does not appear that the prosecutor requested further information. The District Attorney, based upon the information he possessed, reasoned that Defendant's history of excessive speeding deserved great weight, given the nature and circumstances of this case. Such reasoning was not improper.

**B. Defendant's Social History**

Defendant offered 25 letters from friends, teachers, pastors, church members, employers and parents attesting to his good character and various church and community involvement. Also, the Defendant provided the District Attorney with information about his attendance at Union University where he was majoring in Theology. The District Attorney's denial letter acknowledged Defendant's letters and Defendant's extensive involvement with his church, but found that Defendant's social history warranted little weight, because such behavior is "expected of every individual espousing good citizenship." Thus, the District Attorney properly addressed this factor, but chose not to give it significant weight.

**C. Physical and Mental Condition of Defendant**

Defendant also challenges the District Attorney General's conclusion that the Defendant showed "no remorse." However, the record reflects that Defendant's counsel advised him not to give a statement to the pretrial invesitgator, whose findings were to reviewed by the District Attorney General. At the hearing, defense counsel explained that Defendant's remorse could be gleaned from many of the character letters presented to the District Attorney. Again, the application for pretrial diversion is not in the record, and there may have been something in that application, or something omitted from that application, which led the District Attorney to conclude that Defendant lacked remorse for his actions.

**D. Likelihood Diversion Will Serve the Ends of Justice**

The Defendant appears to be a favorable candidate for pretrial diversion; however, the focus of diversion does not rest solely upon the alleged offender. In appropriate cases, the circumstances of the offense and the need for deterrence may outweigh all other relevant factors and justify a denial of pretrial diversion. Carr, 861 S.W.2d at 855. In this case, the District Attorney General denied the Defendant diversion based upon the need to deter others from committing similar offenses. This court has repeatedly held that the deterrent effect of punishment upon other criminal activity is a factor which the district attorney should consider. See generally, Hammersley, 650 S.W.2d at 355; Kirk, 868 S.W.2d at 743 Indeed, we have previously observed that "[d]eterrence, both specific and general, are admirable goals of a prosecutor's office in determining how to exercise its vast discretion. Before applicable, however, there must be a showing of need." Kirk, 868 S.W.2d at 743.

Here, the District Attorney General, after considering all other relevant factors, stated that there was a "need to deter irresponsible driving in Jackson and Madison County, which in the last

few years has resulted in numerous deaths." Again, the need for deterrence, alone, may justify the denial of diversion, when all of the relevant factors have been considered. See Curry, 988 S.W.2d at 158. Moreover, no one is in a better position to be informed of criminal activity within a jurisdiction than the District Attorney General. State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983).

## III. Conclusion

Upon review of this case, the record provides substantial evidence to affirm the trial court's decision that the District Attorney General did not abuse his discretion in denying pretrial diversion. The District Attorney clearly articulated both the favorable and unfavorable factors he considered in making his decision. The District Attorney properly exercised his discretion to give greater weight to the circumstances of the offense and the need for deterrence. The evidence supports the District Attorney's decision; therefore, neither the trial court nor this Court may substitute its judgment for that of the District Attorney. The judgment of the trial court is AFFIRMED.

                                                              _____

                                                       THOMAS T. WOODALL, JUDGE