**STATE of Tennessee, Appellee,**

v.

**Janet LUTRY, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 25, 1996.

**432** ■

Lu Ann Ballew, Asst. Public Defender, Dandridge, for Appellant.

Charles W. Burson, Attorney General and Reporter, Christina S. Shevalier, Assistant Attorney General, Criminal Justice Division, Nashville, Alfred C. Schmutzer, Jr., District Attorney General, James Gass, Asst. District Attorney General, Sevierville, for Appellee.

## OPINION

HAYES, Judge.

The appellant, Janet Lutry,[1] pursuant to Rule 9, Tenn.R.App.P., appeals from the judgment of the Criminal Court of Jefferson County, affirming the district attorney general's denial of pre-trial diversion. The appellant seeks to divert the offense of forgery, a class E felony. The sole issue in this appeal is whether the trial court erred in finding that the district attorney general did not abuse his discretion in denying her application for pre-trial diversion.

After a review of the record, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

The record in this case indicates that the appellant, who was nineteen years of age, developed a close friendship with Elaina Cantwell, a minor who attends middle school in Dandridge, Tennessee. On February 14, 1994, the appellant forged the name of Elaina Cantwell's brother on school documents in order to remove Elaina from school on that day. The appellant removed Elaina from school without the permission or knowledge of Elaina's family. She later returned the minor to the school in time for Elaina to ride the school bus home. Additionally, approximately two months later, in an incident unrelated to the facts of this case, the appellant boarded a Jefferson County school bus and assaulted a student, triggering an additional criminal charge.

The appellant's application for diversion reveals that, when she was eighteen years of age, the appellant moved from New Jersey to Tennessee in order to reside with her aunt. Her application states that, while a resident of New Jersey, the appellant experienced an

---

1. Although the record reflects that the appellant's name is "Lurty," we follow the policy of this court and refer to the appellant by the name indicated on the indictment or charging instrument.

abusive family situation and, on one occasion, required hospitalization for attempted suicide. She is currently unemployed but receives SSI benefits due to a mental disability. The appellant's application reveals no prior criminal history.

The district attorney general denied the application for the following reasons:

(1) Nature and circumstances of the crime: "This deceptive action victimized Denver Cantwell [Elaina's brother] by the use of his name. It also victimized the school system by the release of a child in their care, and it displayed the defendant's intention to place a young girl in her control who was impressionable and could be easily influenced by the defendant's illegal behavior;"

(2) Defendant's behavior since her arrest for the instant offense and her amenability to correction: "The defendant has persisted in her inability to conform her conduct to the demands of the law and in her desire to have contact with school children. This is evidenced by her arrest for assault on April 27, 1994 in which she is alleged to have boarded a Jefferson County School bus and assaulted a student;" and

(3) General deterrence of forgery.

On November 15, 1994, the trial court entered its order finding that the district attorney general did not abuse his discretion in denying the appellant pretrial diversion.[2] The appellant appeals from the trial court's order.

## ANALYSIS

The appellant contends that the district attorney general abused his discretion by denying pre-trial diversion, in that he (1) focused primarily upon the circumstances of the offense rather than on the appellant as an individual; (2) improperly considered the appellant's arrest for assault following the commission of the instant offense; and (3) failed to produce evidence which supports a need for general deterrence.[3]

■ The decision to grant pre-trial diversion rests within the discretion of the district attorney general. Tenn.Code Ann. § 40–15–105(b)(3) (1994 Supp.); *see also State v. Hammersley*, 650 S.W.2d 352, 353 (Tenn. 1983); *State v. Houston*, 900 S.W.2d 712, 714 (Tenn.Crim.App.), *perm. to appeal denied*, (Tenn.1995); *Carr*, 861 S.W.2d at 855. When deciding whether to grant an application for pre-trial diversion, the district attorney general should consider the circumstances of the offense; the criminal record, social history, and present condition of the defendant, including his mental and physical conditions where appropriate; the deterrent effect of punishment upon other criminal activity; the defendant's amenability to correction; the likelihood that pre-trial diversion will serve the ends of justice and the best interests of both the public and the defendant; and the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude toward law enforcement. *State v. Washington*, 866 S.W.2d 950, 951 (Tenn.1993) (citing *State v.*

---

**2.** The record reflects that a hearing was scheduled in this case in the Criminal Court of Jefferson County on November 15, 1994. However, we are unable to locate in the record a petition for a writ of certiorari for abuse of prosecutorial discretion, required under Tenn.Code Ann. § 40–15–105(b)(3) (1994 Supp.). Moreover, no proof was introduced at the hearing. Indeed, the trial court observed:

Upon what has been presented it's sort of hard to make a decision, based on a letter from the defendant's attorney and then a letter from the Attorney General's Office, as to how you judge her individually. I've got two letters here, neither of which are written by her. I cannot see an abuse of discretion based on the proof that's been offered.

**3.** The appellant also argues that the district attorney general improperly considered the appellant's lack of candor in her application for diversion with respect to her conduct in this case and the motives underlying her conduct. However, on appeal, the State does not rely upon the appellant's lack of candor in support of its denial of pre-trial diversion. Moreover, this court has held, "[T]he fact that one of the reasons given [by the district attorney general] for the denial was inappropriate does not foreclose a determination that substantial evidence still remains to support the prosecutor's decision." *State v. Carr*, 861 S.W.2d 850, 857 (Tenn.Crim.App.1993).

*Markham,* 755 S.W.2d 850, 852–53 (Tenn. Crim.App.1988) (citing *Pace v. State,* 566 S.W.2d 861 (Tenn.1978), and *Hammersley,* 650 S.W.2d at 352)). *See also Houston,* 900 S.W.2d at 714.

■■■ The district attorney general's decision regarding pre-trial diversion is presumptively correct, and the trial court will only reverse the decision when the appellant establishes that there has been a patent or gross abuse of prosecutorial discretion. *Houston,* 900 S.W.2d at 714 (citing *Hammersley,* 650 S.W.2d at 356). In order to establish abuse of discretion, "the record must show an absence of any substantial evidence to support the district attorney general's refusal to grant pre[-]trial diversion." *Id.* The trial court may only consider evidence considered by the district attorney general in the decision denying pre-trial diversion, *State v. Winsett,* 882 S.W.2d 806, 810 (Tenn.Crim.App.1993), *perm. to appeal denied,* (Tenn.1994), and the trial court may not substitute its judgment for that of the district attorney general when his decision is supported by the evidence. *State v. Watkins,* 607 S.W.2d 486, 489 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1980).

■■■ For purposes of our review, the findings of the trial court are binding on this court unless the evidence preponderates against such findings. *Houston,* 900 S.W.2d at 715. We review the case, not to determine if the trial judge has abused his discretion, but to determine if the evidence preponderates against the finding of the trial judge who holds that the district attorney general has or has not abused his discretion. *Watkins,* 607 S.W.2d at 489. Thus, the underlying issue for our determination remains whether or not, as a matter of law, the prosecutor abused his discretion in denying pre-trial diversion. *Carr,* 861 S.W.2d at 856.

■■■ Again, the appellant contends that the district attorney general improperly focused upon the nature and circumstances of the offense. However, the focus of diversion does not rest solely upon the alleged offender. In appropriate cases, the nature and circumstances of the offense and the need for deterrence may outweigh all other relevant factors and justify a denial of pre-trial diversion. *Carr,* 861 S.W.2d at 855. Indeed, the nature and circumstances of the offense may alone support the denial of pre-trial diversion. *State v. Sutton,* 668 S.W.2d 678, 680 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1984). Moreover, there is no indication in the record that the district attorney general failed to consider all relevant factors, including those set forth by the appellant in his application. *Markham,* 755 S.W.2d at 853.

■■■ The appellant also contends that the district attorney general's reliance, in part, upon her arrest for assault is improper. She attempts to analogize sentencing and pre-trial diversion for the purpose of excluding evidence of arrests from the district attorney general's consideration. *See, e.g., State v. Miller,* 674 S.W.2d 279, 284 (Tenn.1984) ("mere arrests or indictments are not evidence of the commission of a ... crime.... [and] should ... generally be held inadmissible [at a sentencing hearing]"); *State v. Buckmeir,* 902 S.W.2d 418, 424 (Tenn.Crim. App.), *perm. to appeal denied,* (Tenn.1995) (it is improper for the trial judge to consider pending criminal charges in sentencing the defendant). However, pre-trial diversion and sentencing are not the same. In contrast to the sentencing context, in the diversion context the society's interest in convicting the accused has not been achieved. Rather, "pre[-]trial diversion is an extraordinary largesse of the law in that it excuses many guilty persons from even being tried." *Sutton,* 668 S.W.2d at 680–681. Thus, ensuring that the district attorney general is "in possession of the fullest information possible concerning the defendant's life and characteristics" assumes even greater importance. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). Accordingly, the district attorney general may consider evidence of arrests in denying pre-trial diversion.

■■■ The district attorney general also denied the appellant diversion based upon the need to deter others from committing similar offenses. The appellant argues that the district attorney general offered no statistics or facts which would support a need

for deterrence. The appellant's argument is misplaced. This court has repeatedly held that the deterrent effect of punishment upon other criminal activity is a factor which the district attorney should consider. *See generally, Hammersley,* 650 S.W.2d at 355; *State v. Kirk,* 868 S.W.2d 739, 743 (Tenn.Crim. App.1993); *Markham,* 755 S.W.2d at 853. Indeed, we have previously observed that "[d]eterrence, both specific and general, are admirable goals of a prosecutor's office in determining how to exercise its vast discretion." *Kirk,* 868 S.W.2d at 743. The State must usually demonstrate a need for deterrence. *Id. See, e.g. State v. Boyd,* No. 89–73–111, 1989 WL 123970 (Tenn.Crim.App. at Nashville, October 19, 1989) (the State presented extensive detailed testimony that the sale of cocaine is a tremendous and increasing problem and that the need for deterrence is particularly great). However, our sentencing laws recognize that the punishment of certain offenses is particularly suited to provide an effective deterrent to others likely to commit similar offenses. *See* Tenn.Code Ann. § 40–35–103(1)(B) (1990). We have held that these offenses, by their very nature, need no extrinsic proof to establish the deterrent value of punishment. *State v. Millsaps,* 920 S.W.2d 267 (Tenn.Crim.App. 1995). Cases in which fraud is involved, including forgery cases, seem to compose such a category. *State v. Willoughby,* No. 03C01–9305–CR–00154, 1994 WL 247110 (Tenn.Crim.App. at Knoxville), *perm. to appeal denied,* (Tenn.1994). We conclude that the district attorney general's consideration of deterrence was proper.

As we have previously observed, the district attorney general's decision regarding diversion is presumed correct. *Houston,* 900 S.W.2d at 714. The burden of establishing entitlement to pre-trial diversion rests with the appellant. *Winsett,* 882 S.W.2d at 810. The appellant has failed to carry her burden.

## CONCLUSION

We conclude that the trial court was correct in finding that the district attorney general did not abuse his discretion in denying pre-trial diversion. Accordingly, the decision of the trial court is affirmed.

PEAY and BARKER, JJ., concur.