# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY 1998 SESSION

FILED

August 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9707-CR-00280 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| KALID I. ABDULAHI, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Pretrial Diversion) |

**FOR THE APPELLANT:**

**HOWARD L. WAGERMAN**
200 Jefferson, Suite 1313
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**KENNETH R. ROACH**
Assistant District Attorney General
201 Poplar Ave, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Kalid I. Abdulahi, pursuant to a Tenn. R. App. P. 9 interlocutory appeal, challenges the District Attorney General's denial of pretrial diversion and subsequent denial of *certiorari* by the trial court. The defendant was indicted for vehicular homicide as a proximate result of conduct creating a substantial risk of death or serious bodily injury, a Class C felony. He complains the prosecutor abused his discretion in denying pretrial diversion. The judgment of the trial court is affirmed.

**FACTS**

The facts considered by the District Attorney General were as follows. The defendant was driving east on Delano Street in Memphis. The two (2) center lanes of traffic, one eastbound, one westbound, were closed for repair. The closed lanes were blocked off with cones. The lanes adjacent to the curb in each direction were open.

The defendant with reckless disregard for safety entered the closed lanes in an attempt to pass another eastbound car while traveling at an excessive speed. Before the defendant had completely passed the other vehicle, he encountered a steam roller directly in front of him in the closed lanes. In an attempt to avoid a collision with the steam roller, the defendant sharply veered in front of the vehicle he was attempting to pass. The defendant hit the curb on the side of the road and, according to the steam roller operator, "shot all the way across the street and struck the [victim's] car." The victim died as a result of his injuries. Eyewitnesses estimated the defendant was traveling at least sixty (60) miles per hour in this construction zone.[1]

---

[1] The defendant's version of the facts differs from that of the other eyewitnesses.

2

The District Attorney General denied pretrial diversion. Pursuant to a petition for a *writ of certiorari*, the trial court found that the denial was not an abuse of discretion.

## **PRETRIAL DIVERSION**

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. *See* Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); *see also* State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). In making the determination, the district attorney general must consider:

> the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered . . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); *see also* State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

Deterrence, of both the defendant and others, is a factor the importance of which varies according to the individual circumstances of each case.

Hammersley, 650 S.W.2d at 354. The circumstances of the crime and the need for deterrence may, in the appropriate case, outweigh the other relevant factors and justify a denial of pretrial diversion. Carr, 861 S.W.2d at 855.

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the appellant establishes a patent or gross abuse of discretion. State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996); Houston, 900 S.W.2d at 714. The record must be lacking in any substantial evidence to support the district attorney general's decision before an abuse of discretion can be found. Pinkham, 955 S.W.2d at 960; Carr, 861 S.W.2d at 856. The trial court may not substitute its judgment for that of the district attorney general when the decision of the district attorney general is supported by the evidence. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

Our review focuses on whether there is substantial evidence in the record to support the district attorney's refusal to divert. The underlying issue for determination on appeal is whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

**ANALYSIS**

The District Attorney General expressly considered that the defendant had no prior criminal record, was relatively young, had graduated from high school and had a stable work history. However, pretrial diversion was denied for the following reasons set forth by letter:

> (1) Victim's impact statement indicates the family of victim opposes the defendant being placed on Diversion. They indicate it would minimize the seriousness of the offense and add to the harmful effect the offense has had and is still having on them.
>
> (2) The magnitude of the offense. The defendant's reckless

4

behavior and disregard for the safety of others caused the death of an innocent victim.

(3) The need for deterrence is great for many reasons:

(a) To set an example for others in teens and twenties who drive and cause a disproportionate number of accidents involving injury and death.

(b) To assure that Kalid Abdulahi does not engage in this type of reckless conduct reflecting a disregard for the value of human life.

(c) This type of offense is a problem in this jurisdiction, aggravated by the fact of reckless conduct around a construction zone. Specific laws have been passed by the legislature to combat this conduct, along with Police saturations to prevent this type of conduct.

(4) There has been no remorse shown by the defendant, no offer of restitution for funeral expense, and no concern shown to the family of victim.

(5) The defendant apparently had no insurance on his vehicle. This shows a disregard for the Laws of the State and for other drivers.

(6) There have been no exceptional circumstances shown to the State for this relief.

The state concedes that victim opposition is not a proper consideration. State v. Christopher Cavnor, C.C.A. No. 02C01-9704-CR-00155, Shelby County (Tenn. Crim. App. filed March 31, 1998, at Jackson). Moreover, the requirement that a defendant in a homicide case show "exceptional circumstances" did not survive the 1989 Sentencing Act. State v. James Thomas Tanner, III, C.C.A. No. 03C01-9703-CR-00101, Sullivan County (Tenn. Crim. App. filed June 30, 1998, at Knoxville); State v. Bradley Joe Housewright, C.C.A. No. 03C01-9705-CR-00195, Sullivan County (Tenn. Crim. App. filed December 16, 1997, at Knoxville). These factors were improperly considered.

We further find that the alleged failure to have automobile insurance is an improper consideration, as was the alleged failure to offer restitution for funeral expenses. The record reflects that civil litigation was pending.

The District Attorney General concluded that "no remorse" was shown by

the defendant. We are unable to determine from the record any basis for this conclusion. *See* State v. Kirk, 868 S.W.2d 739, 743 (Tenn. Crim. App. 1993). Similarly, we find no basis for the conclusion that individual deterrence of the defendant is necessary. Individual deterrence is a relevant consideration. Hammersley, 650 S.W.2d at 354. However, it must be supported by the record. Kirk, 868 S.W.2d at 743. The defendant has no prior criminal record, and there is nothing to show a pattern of reckless or criminal behavior.

This brings us to the consideration of the circumstances of the offense and deterrence of others. Both are relevant considerations and, in the proper case, may outweigh the other relevant factors so as to justify a denial of pretrial diversion. Carr, 861 S.W.2d at 855.

The record supports the application of both of these considerations. The District Attorney General stated that reckless conduct around construction zones was a problem within the jurisdiction. No one is in a better position to be informed of criminal activity within a jurisdiction than the District Attorney General. State v. Holland, 661 S.W.2d 91, 93 (Tenn. Crim. App. 1983).

The record reflects that the District Attorney General considered the positive factors submitted by the defendant. However, the District Attorney General has given improper consideration to some negative factors and proper consideration to others. Even if some inappropriate factors were considered, this does not foreclose a determination that substantial evidence still remains to support the denial. State v. Carr, 861 S.W.2d at 857.

We conclude that the circumstances of the offense and the need for deterrence of construction zone recklessness are sufficient to justify the District Attorney General's denial of pretrial diversion. In summary, we find no abuse of discretion by the prosecutor.

6

The judgment of the trial court is AFFIRMED.


                          _____
                          **JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**CURWOOD WITT, JUDGE**


_____
**ROBERT W. WEDEMEYER,**
**SPECIAL JUDGE**