IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY 2000 Session
**STATE OF TENNESSEE v. SHERMAN DUNLAP**

**Appeal as of Right from the Circuit Court for Coffee County**
**No. 28, 329    John W. Rollins, Judge**

---

**No. M1999-00325-CCA-R3-CD - Filed August 4, 2000**

---

Sherman Dunlap appeals his sentence after pleading guilty in the Coffee County Circuit Court to facilitation of theft over $10,000, a class D felony. The trial court sentenced the appellant, as a Range II multiple offender, to four years incarceration in the Tennessee Department of Correction, requiring the appellant to serve one year of his sentence in continuous confinement. On appeal, the appellant presents the following issue for review: whether the trial court erred in denying him full probation or, in the alternative, in denying him an opportunity to serve his sentence in periodic confinement. Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, J. joined, Jerry L. Smith J., filed a concurring opinion.

John E. Herbison, Nashville, Tennessee, and Charles S. Ramsey, Jr., Manchester, Tennessee, for the appellant, Sherman Dunlap.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, C. Michael Layne, District Attorney General, and Kenneth J. Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Factual Background.**

The appellant, Sherman Dunlap, is the founder and pastor of the Temple Pentecostal Assembly Church in Nashville. In August 1996, church member Cassandra McKissack approached the appellant with a forged power of attorney purportedly signed by her eighty-six year-old uncle to grant Ms. McKissack control of her uncle's money. Although the appellant did not see the elderly gentleman sign the papers, he notarized the documents. Additionally, the appellant drove Ms. McKissack to her uncle's bank in Manchester, where she withdrew her uncle's entire life savings, which totaled $39,892. The appellant then took Ms. McKissack to another bank, where she opened an account in both her and her uncle's names. The appellant's church received $2,100 from McKissack soon after the transfer of the funds.

The victim's caretaker noticed the missing money and reported the theft to the police.  Ms. McKissack and the appellant were arrested and charged with theft over $10,000, a class C felony.  Although the appellant denied any knowledge that the notarized documents were forged, he pled guilty to facilitation of theft of property over $10,000, a class D felony.

The trial court sentenced the appellant, as a Range II multiple offender, to four years incarceration in the Tennessee Department of Correction.  The trial court required the appellant to serve one year in continuous confinement and placed the appellant on probation for the remainder of his sentence. In pronouncing sentence, the trial court noted the following sentencing considerations:   incarceration was needed to avoid depreciating the seriousness of the offense, confinement was necessary to provide effective deterrence, and the appellant abused a position of public or private trust in commission of the offense.  Tenn. Code Ann. §§40-35-103(1)(B),-114(15)(1997).

## II. Analysis.

On appeal, the appellant does not challenge his classification as a Range II offender or the length of his sentence.  The appellant does, however, object to the manner of service of his sentence.  The appellant contends that he should have been granted full probation or, in the alternative, a sentence of periodic confinement.  Appellate review of the manner of service of a sentence is de novo.  Tenn. Code Ann. § 40-35-401(d) (1997).  This court considers the following factors in conducting its de novo review: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991).  The trial court must also consider these factors when imposing a sentence involving confinement.  Tenn. Code Ann. § 40-35-103(1).  If the record reveals that the trial court correctly considered sentencing principles and all relevant facts and circumstances, this court will grant the trial court's determinations a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169.  In any case, the burden is on the appellant to demonstrate the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

A. Full Probation

The appellant first contends that he should have been granted full probation.  An appellant is eligible for probation if the sentence actually imposed is eight years or less.  Tenn. Code Ann. § 40-35-303(a)(1997). An appellant who is an especially mitigated or standard offender convicted of a class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing.  Tenn. Code Ann. § 40-35-102(6)(1997).  Because the appellant is a Range II offender, he did not qualify for the presumption of alternative sentencing.  See Tenn. Code Ann. § 40-35-105(a)(1)(1997).  Even without the presumption, the trial court granted the appellant an alternative sentence of split confinement.  See Tenn. Code Ann. § 40-35-306(a) (1997).  Nonetheless, the burden rests with the appellant to show that he is entitled to full

probation. Tenn. Code Ann. § 40-35-303(b); see State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). The appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the [appellant]" in order to meet this burden. State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). In determining the appellant's suitability for full probation, the trial court must consider (1) whether a sentence of full probation would unduly depreciate the seriousness of the offense; (2) the nature and circumstances of the criminal conduct involved; (3) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes; and (4) the appellant's potential or lack of potential for rehabilitation. Tenn. Code Ann. §§ 40-35-210(b)(4),-103(5),-103(1)(B). See also State v. Grissom, 956 S.W.2d 514, 520 (Tenn. Crim. App. 1997); Bingham, 910 S.W.2d at 456.

The nature and circumstances of the underlying criminal conduct may alone give rise to the denial of full probation. Tenn. Code Ann. § 40-35-210(b)(4). See State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App.1991)(denial of probation may be justified solely upon the circumstances of the offense when they are of such a nature as to outweigh all other factors favoring probation). When making confinement decisions based upon the seriousness of the offense, a court should determine if "the circumstances of the offense as committed [are] especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." See State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996); see also Bingham, 910 S.W.2d at 454 (citing State v. Hartley, 818 S.W.2d 370, 374-375 (Tenn. Crim. App.1991)). In this case, the theft underlying the appellant's conviction deprived an elderly gentleman of his entire life savings. Cf. State v. Bilbrey, 816 S.W.2d 71, 77 (Tenn. Crim. App.1991)(in considering the "circumstances of the offenses," the trial court properly acknowledged that the defendant's "total theft nearly destroyed the victim's business"). Moreover, in facilitating the theft by notarizing the forged documents, the appellant abused a position of public trust. Tenn. Code Ann. § 40-35-114(15). See also Tenn. Code Ann. § 40-35-210(b)(5). Finally, even assuming that "the circumstances of this offense, as reprehensible as they are . . . are not enough to support a denial of probation," additional factors support the denial of full probation. State v. McKissack, No. 01C01-9711-CC-00543, 1999 WL 135048, at *3 (Tenn.Crim.App. at Nashville, March 15,1999).

In denying the appellant full probation, the trial court, in a conclusory statement, found that confinement was necessary to provide effective deterrence. To deny full probation on the basis of deterrence, "there must be some evidence contained in the record that the sentence imposed will have a deterrent effect within the jurisdiction." Bingham, 910 S.W.2d at 455; see also State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). Mere conclusive statements regarding deterrence are generally not sufficient to support a trial court's consideration of this factor; there must be specific findings of fact on the record. Bingham, 910 S.W.2d at 455. However, this court has previously stated that "the punishment of certain offenses is particularly suited to provide an effective deterrent to others likely to commit similar offenses." State v. Lutry, 938 S.W.2d 431, 435 (Tenn. Crim. App. 1996); see also Tenn. Code Ann. § 40-35-103(1)(B). In other words, with respect to certain offenses, the State need not adduce extrinsic evidence in order to establish the deterrent value of punishment. See Lutry, 938

S.W.2d at 435, (citing State v. Millsaps,920 S.W.2d 267 (Tenn. Crim. App. 1995)). An example of such an offense is fraud or forgery. Id. (citing State v. Willoughby, No. 03C01-9305-CR-00154, 1994 WL 247110 (Tenn. Crim. App. at Knoxville, June 9, 1994). Although the appellant in this case pled guilty to facilitation of a felony, the felony involved a fraud or forgery. Accordingly, the trial court correctly considered deterrence in refusing to grant the appellant full probation.

Moreover, "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the [appellant]," demonstrating his poor potential for rehabilitation. See Tenn. Code Ann. §§ 40-35-103(1)(C), -103(5). The appellant has a history of criminal conduct consisting of four convictions of passing worthless checks, one conviction of possession of marijuana, and one conviction of facilitating prostitution. The appellant received probation for three of his prior criminal convictions. Yet, the appellant is once again in court because of his criminal behavior. The appellant has clearly demonstrated his poor potential for rehabilitation.

Based upon the circumstances of the offense, the deterrent effect of incarceration, and the appellant's lack of potential for rehabilitation, we conclude that the trial court properly denied the appellant full probation.

B. Alternative Sentencing Options

The appellant alternatively argues that he should receive periodic confinement, instead of continuous confinement, in order to provide for his family. A period of confinement along with a period of probation may be justified when the circumstances of the case fall between complete denial of probation and a full grant of probation. See State v. Necessary, No 02C01-9307-CR-00131, 1994 WL 413482, at *4 (Tenn. Crim. App. at Jackson, August 10, 1994). Again, the trial court in this case properly considered the circumstances of the appellant's offense, including his abuse of a position of public trust, the deterrent effect of incarceration, the appellant's previous criminal record, and his lack of potential for rehabilitation, in selecting the manner of service of the appellant's sentence. Thus, notwithstanding the appellant's strong family ties and his family's need for his financial support, we cannot conclude that the trial court abused its discretion in requiring the appellant to serve one year of his four-year sentence in continuous confinement.

### III. Conclusion.

Because the appellant has failed to demonstrate to this court the impropriety of the manner of service of his sentence, the judgment of the trial court is affirmed.

_____
Norma McGee Ogle, Judge