IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 13, 2001 Session

## STATE OF TENNESSEE v. AARON JAMES

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2345**

No. M2000-00495-CCA-R3-CD - Filed June 29, 2001

James Curwood Witt, Jr., J., concurring.

For purposes of affording guidance to litigants and trial judges who, in the future, may find themselves situated similarly to the parties and the trial court in the present case, I believe this court should have analyzed the prior-crime issue by dichotomizing it into separate parts, namely, (1) the litany of prior crimes set forth within the escape count of the indictment and (2) the state-sponsored testimony about these prior crimes. I believe that both of these different sources of information merit different judicial responses. In an appropriate case, the form of the response to the indictment language may well dictate the response to the testimony.

The majority utilizes Tennessee Rule of Evidence 403 to hold that the "evidence" of the prior crimes – specifically, testimony offered by a prosecution witness – injected into the trial unfairly prejudicial information about the defendant's prior crimes. *See* Tenn. R. Evid. 403 ("Although relevant, *evidence* may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . . ) (emphasis added). I agree with the majority that this evidence of the defendant's prior crimes should have been excluded. The testimony was unfairly prejudicial because the prior crimes were markedly similar to the crimes on trial.

In analyzing the effect of this error, however, we should take account of the fact that the jury had already been informed of the defendant's prior crimes before the testimony was offered. The prior crimes were listed in the escape count of the indictment, and the listing was communicated to the jury through the reading of the indictment. Because the escape count, with the prior-crime listing, remained viable in this joint prosecution of separate charges, the jury was aware of the prejudicial information before it heard testimony about the prior crimes. We should take account of this reality when considering the subsequent evidentiary error.

Of course, this analysis only begs the question of whether, via contents of the escape count of the indictment, the improper information should have been inserted into the trial in the first place. In the present case, I believe that, because the defendant failed to move pretrial for severance of offenses, he came perilously close to waiving any complaint about the presence of the escape count of the indictment.

Certainly, in the beginning of the case, the escape charge was properly joined with the other charges. *See* Tenn. R. Crim. P. 8(a) (mandating joinder when two or more offenses "are based upon the same conduct or arise from the same criminal episode"). Even mandatorily joined offenses, however, *shall* be severed when "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense." Tenn. R. Crim. P. 14(b)(2). I believe that a motion to sever should have been regarded favorably by the trial court. The escape charge's mention of the prior crimes of especially aggravated kidnapping, especially aggravated robbery, and second degree murder, when joined with the current charges of especially aggravated kidnapping and aggravated robbery, signals a court that a severance is appropriate to promote a fair determination of guilt or innocence on the latter two counts. Thus, the terms of the escape count and the joinder of this count with the other counts presented a severance issue pursuant to Rule 14(b)(2).

Although the defendant moved to "amend" the escape count of the indictment and moved to sever the trial of the defendant from defendant Bobo, he failed to move the court for a severance of offenses. Rule 14(a) is clear: "A defendant's motion for severance of offenses . . . must be made before trial" when the ground therefor is then known to the aggrieved party. "*Severance is waived* if the motion is not made at the appropriate time." Tenn. R. Crim. P. 14(a) (emphasis added).

Moreover, I believe that Rule 14's severance provision is a proper and sufficient mechanism for protecting the defendant's rights. Courts in Tennessee have often said that indictment terms are not "evidence." *See State v. Miller*, 674 §W.2d 279, 284 (Tenn. 1984); *State v. Lutry*, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996); *State v. Bordis*, 905 S.W.2d 214, 232 (Tenn. Crim. App. 1995). The Rules of Evidence axiomatically apply to evidence. Specifically, Rule 403 is a rule of the exclusion of "evidence." Tenn. R. Evid. 403. Undoubtedly, due process notions of fair play would govern the state's use of improper – but non-evidentiary – information, *see generally Harrison v. State*, 217 Tenn.31, 394 S.W.2d 713 (1965), but I fail to see any basis for using the Rules of Evidence *per se* for this purpose. There is no need to do so when the threshold for enthetic information is a count in a multi-count indictment and Rule 14 provides a roadmap for preventing prejudice through severance of offenses.

So, the problem with the content of the escape count is initially and essentially a severance issue, and the defendant failed to move for a severance of the escape count from the aggravated robbery and especially aggravated kidnapping counts. Per customary and usual practice, the joined indictment counts were read to the jury. *See* Caruthers' History of a *Lawsuit,* § 681*,* at 666 (Sam B. Gilreath ed., 6th ed. 1937) ("The attorney general first reads the indictment.") The jury was thus informed about the prior crimes. Were we to treat the failure to move for severance as a

waiver of the indictment language being inserted into the case, the error of allowing the subsequent testimony about the prior crimes would have been harmless.

Notwithstanding the plausibility of this result, I have chosen to concur with the majority. I conclude that it would be unfair to impose a waiver sanction upon the defendant because he did not specifically move for a severance of offenses in this case. He did attack the use of the escape count as constituted by essentially asking the court to redact from the language the reference to the prior crimes. Through this mechanism, the trial court was called upon to review the fairness of using an escape count that referred to the defendant's prior crimes. As a matter of a general due process notion of fairness, I believe the trial court should have taken steps to prevent the jury learning of the defendant's prior crimes through the use of the current escape count, but as a practical matter, a meritorious motion to sever could well have been countered by the state amending the escape count to delete the prior crime listing.

All in all, the facts do not compel resolving this important issue on the basis of waiver. Thus, the Rule 403 error of allowing the testimonial evidence of the prior crimes remains prejudicial and reversible because the defendant is in a position to assert that the indictment listing of the prior crimes should not have been before the jury in the first place.

I would nevertheless caution counsel representing defendants in similar circumstances in the future, as well as trial courts entertaining such cases, to give due regard to the severance provisions of Rule 14.

_____
James Curwood Witt, Jr., Judge