IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION



**FILED**

**July 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,    )
    )
    Appellant,    )    C.C.A. No. 02C01-9805-CC-00158
    )
v.    )    Madison County
    )
JAMES M. JANSEN and    )    Honorable Whit Lafon, Judge
SCOTT R. LUCKMAN,    )
    )    (State Appeal)
    Appellees.    )


FOR THE APPELLANT:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James G. Woodall
District Attorney General

Shaun A. Brown
Assistant District Attorney General
225 Martin Luther King Drive
P. O. Box 2825
Jackson, TN 38302-2825

FOR THE APPELLEES:

Mike Mosier
204 West Baltimore
P. O. Box 1623
Jackson, TN 38302-1623


OPINION FILED: _____


REVERSED AND REMANDED


JAMES C. BEASLEY, SR., SPECIAL JUDGE

## O P I N I O N

On June 5, 1995, the Madison County grand jury returned an indictment charging the defendants, James M. Jansen and Scott R. Luckman, with storage of liquor for sale, a Class A misdemeanor. The indictment charged a third defendant with unlawful sale of alcoholic beverages. Jansen and Luckman sought pretrial diversion. The district attorney general's denial of their application was reversed by the trial court after a certiorari hearing. In this Rule 9 appeal, the State argues that the trial court erred in ordering pretrial diversion for the defendants. Following a review of the record and applicable authorities, we reverse the trial court's entry of pretrial diversion as to each defendant and remand the case for further proceedings.

The Department of Correction Investigation Report filed in support of the defendants' application for pretrial diversion includes the following "official version:"

> On 2-25-95 . . . During a search of the premises known as "Planet Rock" Club, located at 702 Old Hickory Blvd. in Jackson, Tennessee, I found and seized several gallons of intoxicating liquors in the office and behind the bar. I had earlier received information from Special Agent Bond Tubbs, TABC that he had purchased liquor inside the dub on the same date and seen liquor served to other persons in the club. I know SA Tubbs to be a reliable person. I also found James Jansen and Scott Luckman on the premises in the role of club-owner/operator.

The defendants elected not to submit a statement for the report. However, their attorney's letter to the district attorney general requesting diversion asserts the following:

> As you probably know, these gentlemen are partners in the business which owns Planet Rock, where the criminal offense with which they are charged allegedly occurred. They are charged with unlawful sale of an alcoholic beverage, and there would be proof that some beverages were sold by some individual in the club. Both of my clients deny that the persons selling the alcohol on that occasion were employees of theirs, and they also deny authorizing any of their employees to make such illegal sales. It appears that their crime might be one of negligence and not being fully aware of what was going on at their place of business. I think that pre-trial diversion would be a fair way to resolve this matter, and it would enable both of these gentlemen to lead productive lives without a criminal conviction being on their record.

The letter also relates that defendant Jansen is 44 years of age and was honorably discharged after serving six years in the United States Navy. He is a college graduate and is described as a prominent businessman with no prior criminal record. According to the application letter, defendant Luckman is 28 years old and a high school graduate with no prior criminal record. He comes from a large family who his attorney believes will be supportive. Finally, it is asserted in the letter that the presentence reports reflect favorably upon the character of each defendant. From our examination of these reports, the only additional information we find possibly relevant to character assessment is that defendant Luckman pays child support. There were no letters of recommendation or other documentation showing suitability for diversion submitted on behalf of either defendant.

By letter dated October 4, 1995, the district attorney general gave the following reasons for denying pretrial diversion:

1.  It is the defendant's responsibility to provide this office with sufficient evidence of his qualifications for pretrial diversion. The defendant has failed to provide this office with any evidence and having failed in this obligation the defendant cannot be granted pretrial diversion. State v. Herron, 767 S.W.2d 151 (Tenn. 1989).

2.  The defendant's crimes were not the result of impulse but required considerable effort and planning. State v. Holland, 661 S.W.2d 91 (Tenn. Crim. App. 1983).

3.  The defendant has expressed no remorse for his conduct nor has he made any effort to make his victim whole. State v. Nease, 713 S.W.2d 90.

4.  Violations of the law, as it pertains to alcohol are serious problems in this jurisdiction and allowing the defendant to participate in pretrial diversion would greatly undermine law enforcement efforts at curtailing this type of criminal activity. State v. Holland.

5.  There is no indication that the defendant would have stopped his/her criminal activity but for the intervention of law enforcement. State v. Markham, 755 S.W.2d 850.

6.  The Planet Rock continuously demonstrates flagrant disregard for selling alcohol to minors or fails to exercise the slightest degree of caution to insure that

> no alcoholic beverage is sold to minors from its establishment. Numerous underage drinkers have been arrested for alcohol violations associated with or near the property of the Planet Rock. It would be egregious affront to our justice system to continue to prosecute underage drinkers but allow the owners and operators of the establishment to slide through our justice system with less than even a slap on the wrist.
>
> On 9/29/95 a homicide occurred from a beating on or near the Planet Rock. The defendant in that case had been inside the Planet Rock and obviously had been drinking. The defendant is 19 years old.
>
> The owners of the Planet Rock have no regard for the law as it applies to alcohol and should be denied Pre-trial Diversion.

Nine months later, the defendants filed a petition for writ of certiorari, alleging that they met all of the statutory criteria for pretrial diversion and arguing that the district attorney general abused his discretion in failing to agree to a reasonable diversion program.

A certiorari hearing was held August 14, 1996. Defendant Jansen was present. It was announced that defendant Luckman was in East Tennessee and his appearance was waived by the trial court. During the course of the hearing, the assistant district attorney general explained the charges and entered into evidence a copy of the district attorney general's letter denying diversion. The presentence reports and counsel's letter to the district attorney general requesting diversion were introduced into evidence by the defense. Counsel for the defendants summarized the contents of his letter to the district attorney general and then explained his clients' position as follows:

> MR. MOSIER: Your Honor, what Mr. Jansen and Mr. Luckman were doing, they believe that the statute says that it prohibits the sale of liquor, and they had bottles of liquor setting out and were giving the liquor away, and I think there was some liquor that was seen behind the bar, but there were just a couple of bottles out on the table that --

After inquiring as to the quantity and type of whiskey involved, the trial court ruled as follows:

4

THE COURT: If I understand it now, these people had a nightclub some place here and had a bunch of whiskey, several gallons or cases of whiskey out there, and they are charged with illegal stored whiskey; is that right? For the purpose of resale.

MR. BROWN: Yes, sir. It's several gallons is all I know of. I don't know what kind.

THE COURT: All right. I'm going to allow pretrial diversion.

MR. MOSIER: Your Honor, I'll prepare the Order.

DEFENDANT JANSEN: Thank you, Your Honor.

THE COURT: Don't thank me now. Don't come back in here because you had a borderline deal. You understand?

DEFENDANT JANSEN: Yes, sir.

The record includes two orders entered by the trial court on April 28, 1998, slightly over twenty months after the court's ruling. The order "approved for entry" by the State grants pretrial diversion, "It being shown to the Court that the defendant should be granted pre-trial diversion." Contrasting that order is the order "approved for entry" by the defendants which is as follows:

THIS CAUSE came on to be heard upon the Petition for Writ of Certiorari filed by the Defendants seeking review of the District Attorney's refusal to enter into a Memorandum of Understanding placing the Defendants on the pre-trial diversion program. After a careful review of the record, the Court finds that the District Attorney General has abused his discretion in denying pre-trial diversion to the Defendants, for the following reasons:

1. The Defendants have provided sufficient evidence, in the form of a pre-sentence report and a letter from their defense counsel to establish their qualifications for pre-trial diversion.

2. There is no proof in the record to establish the reasons given by the District Attorney as reasons for denying pre-trial diversion.

3. The record fails to reveal that the District Attorney considered the circumstances of the offense, the Defendants' criminal records, social history and present conditions, including mental and physical conditions where appropriate, the deterrent effect of punishment upon other criminal activity, the Defendants' amenability to correction; the likelihood that diversion would serve the ends of justice and the best interests of both the public and the Defendants; and the Defendants' attitudes, behavior since arrest, prior records, home environments, current drug usage, emotional stability, past

5

employment, general reputation, marital stability, family responsibility, and attitude toward law enforcement. State v. Lutry, 938 SW2d 431 (1996).

4. The District Attorney General failed to articulate why the factors which he assigned in his denial outweigh the evidence offered by the Defendants in support of pre-trial diversion. State v. Kirk, 868 SW2d 739 (1993).

IT IS, THEREFORE, ORDERED that the District Attorney General is directed to enter into a Memorandum of Understanding with each of the Defendants placing them on the pre-trial diversion program.

As heretofore noted, the court's ruling as reflected in the transcript of the certiorari hearing is limited to the statement, "All right, I'm going to allow pretrial diversion." When there is a conflict between the court minutes and the transcript of the court's oral statements, the transcript of the proceedings controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App.), per. app. denied (Tenn. 1991).

A defendant is statutorily qualified for pretrial diversion if he or she has not previously been granted diversion; does not have a prior misdemeanor conviction for which confinement was served or a prior felony conviction within a five-year period after completing the sentence of probationary period for the conviction; and is not seeking diversion for a Class A or B felony, a sexual offense, driving under the influence, or vehicular assault. Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c) (Supp. 1998). Statutory qualification, however, does not presumptively entitle a defendant to diversion. Rather, the district attorney general possesses the discretion to grant pretrial diversion to a statutorily qualified defendant. State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997). The defendant bears the burden of demonstrating suitability for pretrial diversion, and, to that end, the defendant should file a formal written application and supporting documents. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Winsett, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994). In considering a defendant's application for diversion, the district attorney general must weigh the following relevant considerations: the defendant's amenability to correction; the circumstances of the offense; the defendant's criminal record; the defendant's social history; the defendant's

6

physical and mental condition "where appropriate"; and "the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant." Pinkham, 955 S.W.2d at 959-60 (quoting State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)).

If the district attorney general denies pretrial diversion, the denial must clearly articulate in writing the factors and evidence that were considered and the weight accorded to each of the factors. Pinkham, 955 S.W.2d at 960; Herron, 767 S.W.2d at 156. "That a defendant, obviously, bears the burden of demonstrating suitability for diversion does not relieve the prosecutor's obligation to examine all of the relevant factors and to set forth the required findings." State v. Curry, 1999 WL 115113, ____ S.W.2d ____ (Tenn. 1999) (citing Pinkham, 955 S.W.2d at 960). Failure "to consider and articulate all of the relevant factors constitutes an abuse of discretion." Curry, 1999 WL 115113, at *6. The State's response to an application for pretrial diversion must reflect that the district attorney general considered all of these factors. Id., at *4; see Herron, 767 S.W.2d at 156.

If the district attorney general denies diversion, the defendant may seek review by the trial court through a petition for writ of certiorari. See Tenn. Code Ann. § 40-15-105(b)(3) (Supp. 1998). In reviewing the district attorney general's decision, the trial court is limited to the evidence originally considered by the district attorney general. Winsett, 882 S.W.2d at 810. "The trial court may conduct a hearing only to resolve any factual disputes raised by the prosecutor or the defendant concerning the application, but not to hear additional evidence that was not considered by the prosecutor." Curry, 1999 WL 115113, at *4 (citing Pinkham, 955 S.W.2d at 960).

Since the diversion statute vests discretion with the district attorney general and not with the trial judge, the relevant question for the trial judge is not whether he thinks the applicant is entitled to pretrial diversion, but whether the district attorney general abused his discretion. Thus, not only is the trial judge to confine his consideration to the evidence considered by the district attorney general at the time he considered the application, but

7

he must also confine his review to the reason or reasons given by the district attorney general at that time. State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985); State v. Poplar, 612 S.W.2d 498, 500 (Tenn. Crim. App. 1980).

The district attorney general's decision denying diversion is presumptively correct, and the trial court must affirm his or her decision absent abuse of discretion. See Curry, 1999 WL 115113, at *4; State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996). Before the trial court can conclude the district attorney general abused his or her discretion, the record "must show an absence of any substantial evidence" to support the district attorney general's denial of diversion. Curry, 1999 WL 115113, at *4. If the trial court's decision is appealed, the appellate court is limited to determining whether the trial court's decision is supported by a preponderance of the evidence. Id. (citing Pinkham, 955 S.W.2d at 960).

In the instant case, the record fails to show that the trial court based its ruling on a finding of abuse of discretion by the district attorney general but, to the contrary, reflects that the trial court substituted its judgment for that of the district attorney general in what it considered a "borderline deal." By doing so, the trial court erroneously assumed a role vested exclusively in the district attorney general. Tenn. Code Ann. § 40-15-105; Poplar, 612 S.W.2d at 500.

The evidence in the record does not preponderate in support of the trial court's decision overruling the district attorney general and granting pretrial diversion. On the other hand, the evidence shows that, after considering the pretrial diversion reports submitted in support of the defendants' application, the district attorney general detailed six reasons for his denial of pretrial diversion.

Accordingly, we reverse the order placing the defendants on pretrial diversion and remand this case to the trial court for further proceedings.

_____
JAMES C. BEASLEY, SR., SPECIAL JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE